IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FRANCEEN BOBBITT AND
JIMMY BOBBITT                                                    PLAINTIFFS

v.                              CIVIL ACTION NO. 2:10CV208-GHD-SAA

ROBINSON PROPERTY GROUP CORP.,
d/b/a Horseshoe Casino & Hotel                                    DEFENDANT

## MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant's motion for summary judgment [32]. Upon due consideration, the Court finds that the motion should be denied.

Plaintiffs bring this premises liability action in this Court, invoking the Court's diversity jurisdiction. Plaintiffs allege that while walking into the lobby of the hotel portion of the Horseshoe Casino & Hotel in Tunica, Mississippi, Plaintiff Franceen Bobbitt slipped and fell in a large puddle of water on the floor of the lobby. Plaintiffs further allege that as a result of the fall, Plaintiff Franceen Bobbitt suffered injuries, for which she now seeks damages. Plaintiffs allege that due to the injuries sustained by Plaintiff Franceen Bobbitt, her husband, Plaintiff Jimmy Bobbitt, has been forced to become his wife's caregiver and has suffered as a result.

Defendant argues in its motion for summary judgment and corresponding brief that no evidence supports that a large puddle of water existed at the time of Plaintiff Franceen Bobbitt's fall, and, further, that Plaintiffs have presented no evidence as to how long the alleged water was on the floor. Defendants also contend that black mats were placed at each of three doorways at the hotel entrance and that a wet floor sign was in the lobby of the hotel entrance. Defendant has attached several exhibits supporting its arguments.

1

Plaintiffs argue in response that they have supported all elements of their slip-and-fall case. Plaintiffs further maintain that they have adequately shown that the lobby floor was wet through deposition testimony of Plaintiffs and Defendant's employees, Cortez Cunningham and James Washington. Plaintiffs attach several exhibits supporting their arguments.

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

In this personal injury case, the Court finds that genuine disputes of material fact exist

and that the Defendant has failed to show that it is entitled to judgment as a matter of law. Further, the Court has the discretion, which it exercises here, to allow the Plaintiffs' claims to proceed to trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

THEREFORE, the Defendant's motion for summary judgment [32] is DENIED. A separate order in accordance with this opinion shall issue this day.

It is SO ORDERED, this the __1st__ day of March, 2012.

_____
SENIOR JUDGE